Filed 4/7/26  P. v. Romero CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085182 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD301940) |
| ANGEL ROMERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Sentence vacated and remanded with instructions.  Otherwise affirmed.

Dan E. Chambers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Robin Urbanski, Collette C. Cavalier, and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

Angel Romero appeals his sentence, contending the trial court erred in sentencing him to the upper term when no aggravating circumstances were alleged in the information, he did not admit any aggravating circumstances,

and no factfinder found any true beyond a reasonable doubt.  The People concede error.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession, vacate Romero's sentence, remand with instructions, and otherwise affirm.

I.

Romero was charged with two counts of kidnapping to commit robbery (Pen. Code, § 209, subd. (b)(1); counts 1 & 2) and two counts of robbery (§ 211; counts 3 & 4).  No aggravating circumstances were alleged.

Romero pled guilty to the two counts of robbery in exchange for the dismissal of the balance of the charges against him.  As the factual basis of his plea, he admitted he "unlawfully took property of another using force or fear. . . .  Two victims."  Romero agreed to a sentencing range of four to six years in prison.

The court ultimately sentenced Romero to six years in prison, imposing the upper term of five years on count 3 and one-third the middle term, or one year, on count 4, to run consecutively.  In selecting the upper term, the court relied on Romero's previous commitment to prison and the multiple victims in the case.  The court also noted Romero's "lack of remorse" and the "highly traumatized" victims.  The court stated it "should have gotten an admission to an aggravating factor.  But by the very nature of it being a 4- to 6-year range, one could surmise that [Romero] was acquiescing to the Court's ability to impose the upper term."  Relying on *People v. Hilburn* (2023) 93 Cal.App.5th 189 and *People v. Shelton* (2006) 37 Cal.4th 759, the prosecutor argued the court could impose the upper term without any proven or admitted aggravating factors.  Defense counsel objected to imposing the upper term.

2

## II.

Romero argues the trial court abused its discretion in imposing the upper term because the amended complaint did not allege any aggravating circumstances and he did not admit any in his plea agreement. The People concede the court erred and a remand for resentencing is proper. We agree and accept the concession.

Under section 1170(b)(2), the court may impose the upper term only when aggravating circumstances have been "stipulated to by the defendant" or found true beyond a reasonable doubt by a jury or judge. That procedure was not followed here. And our high court has held that a "defendant, by entering into a plea agreement that include[s] the upper term as the maximum sentence, d[oes] not implicitly admit that his conduct could support that term." (*People v. French* (2008) 43 Cal.4th 36, 48.) Specifically, while a plea agreement "constitute[s] an admission to all the elements of th[e admitted] offenses (see *People v. Hoffard* (1995) 10 Cal.4th 1170, 1177 . . . ), it d[oes] not constitute an admission to any aggravating circumstance." (*French*, at p. 49.)

*Hilburn* is inapposite, as it concerns aggravation of the presumptive low term to the middle term using unproven aggravating factors rather than aggravation of the middle term to the upper term. (*Hilburn*, 93 Cal.App.5th at pp. 202-205.) And although *Shelton* states "the specification of a maximum sentence or lid in a plea agreement normally implies a mutual understanding of the defendant and the prosecutor that the specified maximum term is one that the trial court may lawfully impose and also a mutual understanding that, absent the agreement for the lid, the trial court might lawfully impose an even longer term," it expressly acknowledges this is

3

not an absolute rule (*Shelton*, 37 Cal.4th at p. 768); it is therefore reconcilable with *French*.

Accordingly, the court here erred in sentencing Romero to the upper term. Given the total absence of any admitted or proven aggravating circumstances, we cannot conclude this error was harmless. (*People v. Lynch* (2024) 16 Cal.5th 730, 768.) A remand for resentencing is thus required.

Given this conclusion, we need not reach Romero's arguments that the court made an inadequate record of its choice to impose the upper term and may have improperly relied on rule 4.421(c) of the California Rules of Court to sentence him to the upper term.

### III.

We vacate Romero's sentence and remand to the superior court for resentencing consistent with this opinion. In all other respects, we affirm. Following resentencing, the court shall prepare an abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.

4